UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

                                                        08 MAG. 1212

WEI LAM,

    Defendant.
----------------------------------------------------------X

## MOTION TO SET CONDITIONS OF RELEASE AND MEMORANDUM OF LAW

COMES NOW the defendant, by and through his counsel, Alan M. Nelson, and moves this Court for an Order Setting Conditions of Release and in support thereof states the following:

1. The Government cannot produce clear and convincing evidence that no conditions of release exist which would provide reasonable assurance that Wei Lam if released, would pose a danger to the community.

2. The Government can not establish by a preponderance of the evidence that no conditions of release exist which would provide reasonable assurance that Mr. Lam, if released, would flee.

3. The following conditions of release are available to the Court to reasonably assure the safety of the community and the appearance of Mr. Lam as required. The present bond as proposed is as follows:

**A. Secured Bond**: The defendant proposes that the defendant be released on the following conditions:

A **$1,000,000 Personal Recognizance Bond. Such bond to be secured by a mortgage and confession of judgment upon the following properties:**

**Condominium Unit 10A, 340 East 23rd St, New York, N.Y..** The unit is owned by He Yang, a close friend of the defendant. It has an appraised value of $740,000 with an existing mortgage balance of $506, 500  Accordingly there is $225,000 in equity.

The bond would be further secured by the signatures of the following two financially secure individuals:

**Diana Bin Yu:** A close friend of the defendant's since his arrival in the United States, Ms. Yu is a United States citizen. Employed at Summit Mortgage Bankers Inc., Ms. Yu earns $129,000. annually.

**Wei Leong Ng**. A close friend of the defendant's Mr. Ng, who is a resident alien and possesses a valid Alien Registration Card is employed as a salesman. In 2007 Mr. Ng reported an income of $111, 401 annually.

Accordingly the proposed package would be secured by real property with an equity value in excess of $500,000.00 and be further secured by individuals with income in excess of $240,000.

**B. Out of State Travel Prohibited:** Mr. Lam would be prohibited from leaving New Jersey where he resides and the Southern and Eastern Districts of New York under any circumstances whatsoever.

**C. Supervised Release:** Should Mr. Lam violate any of these conditions for release, or if he were to commit any federal, state or local crime during this period of release, he would be immediately remanded, and a warrant for his arrest would be issued.

**D. Any Other Conditions Which The Court Might Deem Appropriate:**

WHEREFORE, it is respectfully requested that this Court Order the release of Wei Lam on the conditions set forth above or release Mr. Lam upon such conditions as the Court deem appropriate to assure the safety of the community and Mr. Reed's appearance in court.

Dated: Lake Success, New York
July 22, 2008

Respectfully submitted by,

ALAN M. NELSON (AMN 3891)
Attorney for Wei Lam
300 Marcus Avenue, Suite 1E5
Lake Success, NY 11042
(516) 328 6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

                                          08 MAG. 1212

WEI LAM,

    Defendant.
------------------------------------------------------X

## MEMORANDUM OF LAW

### A. THE RELEVANT LAW

The Supreme Court has stated unequivocally:

In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. *Unites States v. Salerno, 481 U.S. 739, 755, 107* S.Ct. 2095, 2105, 951 L.Ed.2d 697 (1987), Judge Vinccent L. Broderick, United States District Judge for the Southern District of New York, put the point eloquently:

> ... We detain people today who need not be detained -- people who pose neither the threat of flight nor threats to the community. Until we develop a more rational approach to the question of pretrial detention .... the crisis will continue. We must never flinch from pretrial detention in situations which call for it -- where there are foreseeable risks of flight or of danger to members of the community. But we should not overuse it.
>
> Today we are detaining pretrial many people who will not flee and are not dangerous. Doing this creates a myriad of problems: it flies in the face justice. It is time for those who are actively involved in and truly committed to the criminal justice process to make our voices heard.

*57 Federal Probation 4, 5, 7-8 March 1993)*

        18 U.S.C. §3142 governs the procedure that must be followed in making the determination as to whether a defendant shall be released or detained pending trial. The Act

requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure his or her appearance as required and the safety of the community. *United States v. Gebro,* 948 F.2d 1118 (9th Cir. *1991), United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

Section 3142(g) of the statute specifies various factors that must be considered in making the determination as to whether conditions of release exist that will reasonably assure the appearance of the person and the safety of the community. These factors are:

> (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the [defendant] was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of [a] sentence; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g).

The weight of the evidence is the least important factor. *Gebro, supra.* 948 F.2d at 1121, *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The Bail Reform Act requires that a finding of dangerousness be proved by "clear and convincing" evidence produced by the government. The clear and convincing evidence requirement imposes a "heavy burden" on the government. *Matamedi,* supra, 767 F.2d at 1406. If that burden is not met reasonable bail must be set. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *United States v. Orta,* 760 F.2d 887 (8th Cir 1985).

As stated by the Second Circuit in *United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985):

> The 'clear and convincing evidence' with respect to a defendant's

>danger to the community required by §3142(fl(2)(B) means something more than 'preponderance of the evidence' and something less than 'beyond a reasonable doubt.' See *Addington v. Texas*, 441 U.S. 418, 431, 99 S.Ct. 1804, 1812, 60 L Ed.2d 323 (1979). To find danger to the community under this standard of proof requires that the evidence support such conclusion with a **high degree of certainty**. 760 F.2d at 405. (Emphasis added).

In *United States v. Dominguez,* 783 F.2d 702 (7th Cir, 1986), the court vacated the district court's detention order. The court held:

>A defendant cannot be detained as dangerous under §3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions 'will reasonably assure...the safety of the community ...' . **That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct**. (Emphasis added)

The government is put to such a heavy burden, and the Court is required to exercise such severe restraint, because in determining "dangerousness the Court is called upon to make the most difficult of findings.

As noted by the Court *in United States v. Perry,* 788 F.2d 100 (3rd Cir. 1986):

>(T)he dangerousness determination involves a prediction of the detainee's likely future behavior, such a prediction explores not the external world of past events but the inner territory of the detainee's intentions. By it's very nature such a prediction is a far more speculative undertaking than the reconstruction of past events. Moreover, in the only other context in which the American judicial system, state or federal, is asked to make a prediction of future dangerousness -- the confinement of the mentally ill who are a danger to themselves or others-- the prediction is made with the assistance of medical professionals who have received scientific training in making such a prediction based upon clinical observation.

Doubts regarding the propriety of release must be resolved in favor of the defendant.

*United States v. Motamedl, supra,* 767 F.2d at 1405; *Herzog v, United States*, 75 S. Ct. 349, *351, 99* L.E. 1299 (Douglas, Circuit Justice *1955); See United States v. McGill, 604* F.2d

1252, 1255 (9th Cir. 1979), cert. denied 444 U.S. 1035, 100 S.Ct, 708 (1980).

In contravention of the Government's allegations Mr. Lam has tendered the testimony of his friends in the community. All express confidence that Mr. Lam poses no danger to the community or risk of flight. The fact that community members are willing to act as "bird-party monitors is also a demonstration of good character as well as rebuttal of a concern that *he* would be a danger to the community. See *United States v. Carbone, 793* F.2d 559, 561 (3d Cir. 1986).

Other factors which the Court must consider weigh in favor of release. There is nothing in the record, nor could there be, suggesting any concern regarding Mr. Lam's physical and mental condition with respect to risk of flight or danger to another. Moreover, his family and community ties are strong as evidenced by the support offered on his behalf.

There is no evidence that Mr. Lam possessed or used a firearm in furtherance of the offense and no allegation of violence on his part. Indeed this represents Mr. Lam's first arrest. Nor is there any evidence in Mr. Lam's past that he has engaged in violent activity or possessed a firearm.

Moreover, although the government points to Mr. Lam's immigration status and the present BICE detainer upon him the following facts are important for the Court to consider. First, Mr. Law lawfully entered the United States lawfully. His status as being unlawfully present in the country emanates from his having overstayed his entry visa. Since his entry into the United States Mr. Lam has married a United States citizen, Kai Li, with whom he has continuously resided since their marriage. Significantly, prior to his arrest Mr. Lam had retained immigration counsel, for the purpose of assisting him to resolving his immigration status with a view towards application for naturalization.

He has since formally filed a Petition and Application to Register for Permanent

Residence ((I-130, I-785 and I-485) sponsored by his wife Kai Li. Copies of the documents filed on his behalf by immigration counsel are annexed hereto as Exhibit "A".

Working in conjunction with myself, immigration counsel shall move in Immigration Court for Mr. Lam's release on bond in the immigration matter pending the resolution of his application. Indeed 8 U.S.C. 236(c) specifically permits the release of a detained applicant. There is no statutory prohibition upon the grant of release as a consequence of pending criminal charges that could result in the collateral consequence of deportation.

Mr. Lam has maintained gainful employment operating Speedy Transit, Inc., a shipping company specializing in the delivery of goods and personal mail to residents of the United States from China. The company works with most carriers including UPS, Federal Express and Airborne Freight. The couple own a condominium in Fort Lee, New Jersey which they rent as they reside in an apartment nearby.

### B. AVAILABLE CONDITIONS OF RELEASE

We request that the Court, pursuant to 18 U.S.C. §3142(c), set bail for Mr. Reed under the conditions stated in our Motion at paragraph 3. This request constitutes plan comprised of a combination of components that form an extremely restrictive aggregate program. In making this request we respectfully invite the Court's attention to the mandate of 18 U.S.C. §3142(c)(B), which requires the implementation of the "least restrictive further condition, or combination of conditions . .. " This request is based upon our belief that such conditions will provide the reasonable assurances required by the statute. It is respectfully submitted that these restrictions provide the requisite reasonable assurance that Mr Lam if released, will neither flee, nor pose a danger to the community.

## C. CONCLUSION

On the question of detention it is the prosecution's burden to establish that no release condition or combination of conditions will reasonably assure the safety of the community. The prosecution must establish dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence. Only if the prosecution carries its burden that no release conditions will reduce the risk of flight or dangerousness to the community, is detention appropriate.

The defendant is 37 years of age.  He resides with wife who is a United States citizen his for the past three years. He lawfully entered the United States in 2003 and is in the process of resolving his immigration status.  He has been employed on a full-time basis at Speedy Transit international for this entire period of time.

The government does not possess sufficient evidence to demonstrate by clear and convincing evidence that  Mr. Lam  is a danger to the community when balanced against the proffered conditions of release..

Mr. Lams's ties to the community are strog and he lacks any incentive to flee. His reputation, as demonstrated by the members of the community who have come forward on his behalf, is of great significance. The seriousness of an offense can never, in and of itself, justify the detention of one charged with a crime. Rather, it is simply one factor to be weighed, and balanced, with other factors in determining whether a particular individual poses a danger to the community or risk of flight.

Were this not the case, then every defendant in every serious case would be detained, regardless of any other considerations. That, of course, is not the law.

Significantly, Mr. Lam remains the only defendant of the seven individuals charged in

the instant complaint who remains in custody. Each has been released on a bond secured by 2 financially secure individuals and some equity interest in property.

Wei Lam has offered circumstances, which give the Court reasonable assurances for the safety of the community and his appearance in court. As stated above he proposes a $1,000,000 bond secured by over $500,000 in equity and two financially secure individuals who earn in excess of $250,000.

This Court can impose additional conditions which will supplement those already existing to provide reasonable assurance of the safety of the community and his appearance, including severe restrictions upon his contacts with others and a means of monitoring compliance with those restrictions. Because the prosecution cannot, under the particular circumstances carry its burden to prove otherwise, detention is unwarranted.

Dated: Lake Success, New York
       July 22, 2008

Respectfully submitted by,

ALAN M. NELSON (AMN 3891)
Attorney for Wei Lam
3000 Marcus Avenue, Suite 1E5
Lake Success, NY 11042
(516) 328 6200

cc: AUSA Glen McGorty